# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

CASE NO. 6:08-CR-223-ORL-35KRS

vs.

**MEGGAN ALYCIA MORROW**,

        Defendant.

## ORDER

This case was considered by the Court on a Petition Regarding Supervised Release, filed November 21, 2008, (Doc. No. 3); a Report and Recommendation of the United States Magistrate Judge filed January 22, 2009, (Doc. No. 12 ); and an Order to Show Cause at Final Revocation Hearing, issued January 27, 2009, (Doc. No. 13). A hearing was held February 19, 2009, attended by Defendant, counsel for Defendant and counsel for the Government. Upon hearing the matters presented and for the reasons set forth on the record at the hearing, the Court **ORDERS** as follows:

    1.    The Report and Recommendation of the United States Magistrate Judge (Doc. No. 12) is **ADOPTED and APPROVED IN PART.** The defendant is adjudged guilty to violation charges One and Two of the Petition on Supervised Release. Violation charges Three, Four, Five and Six of the Petition on Supervised Release are dismissed.

    2.    The Petition on Supervised Release (Doc. No.3) is **GRANTED IN PART** as stated above in paragraph one, and the Defendant's supervised release ordered in the Criminal Judgment of the Eastern District of Virginia, Alexandria Division, Case Number 1:05-CR-00270-001, dated November 4, 2005, is **MODIFIED**. All previously ordered special conditions remain intact. Additional terms of supervision include the following special conditions:

• The Defendant **shall be placed on curfew for a period of 90 days**. During this time, the Defendant will remain at her place of residence between the hours of 7 p.m. and 7 a.m. each day unless granted permission in advance by the Probation Office to be elsewhere. Defendant will be required to wear an electronic monitoring device to ensure compliance with the curfew restrictions and follow electronic monitoring procedures specified by the Probation Office to facilitate the monitoring process. Further, the Defendant shall be required to contribute to the costs of services for such monitoring, not to exceed an amount determined reasonable by the Probation Office based on ability to pay.

• The Defendant **shall participate in a substance abuse program** (outpatient) and follow the probation officer's instructions regarding the implementation of this Court's directive. Further, the Defendant shall contribute to the costs of these services, not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the Defendant is directed to submit to random drug testing.

• The Defendant **shall participate in a mental health treatment program** (outpatient) and follow the probation officer's instructions regarding the implementation of this Court's directive. Further, the Defendant shall contribute to the costs of these services, not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. **The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court authorizes random drug testing not to exceed 104 tests per year.**

4. The Court has considered the factors enumerated in 18 United States Code § 3553, including applicable guidelines and policy statements issued by the U.S. Sentencing Commission.

5. In all other respects, the Judgment in a Criminal Case entered by the United States District Court, Eastern District of Virginia, Alexandria Division, Case Number 1:05-CR-00270-001 on November

4, 2005, remains in full force and effect.

**DONE AND ORDERED** at Orlando, Florida, this 23rd day of February, 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
Assistant United States Attorney
Attorney for Defendant
United States Marshal
United States Probation
United States Pretrial Services
Defendant